IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS E. FORT,

    Petitioner,

v.                                          Civil Action No. 5:08CV6
                                                              (STAMP)

KUMA J. DEBOO,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] petitioner, Dennis E. Fort, was convicted in the United States District Court for the Eastern District of North Carolina on several counts of an eighteen count superseding indictment.[2] The Court imposed a sentence of 420 months, but later

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] Count One charged the petitioner with knowingly, intelligently and unlawfully conspiring to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Count Two charged that the petitioner knowingly used and carried firearms during and in relation to his drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1) and (2). Count Three charged that the petitioner knowingly and willfully conducted and attempted to conduct financial transactions which he knew involved proceeds of an unlawful activity in violation of 18 U.S.C. § 1956(a)(1) and (2). Counts Four, Six, Eight, Ten and Twelve charged the petitioner with knowingly, intentionally and unlawfully distributing and possessing with the intent to distribute specific amounts of cocaine at specific locations in violation of 21 U.S.C. § 841(a)(1) and (2). Counts Five, Seven, Nine, Eleven and Thirteen charged that the petitioner knowingly and unlawfully maintained specific locations for the purpose of distributing cocaine in violation of 21 U.S.C. § 856(a)(1). Lastly, Counts Fourteen through Seventeen charged the petitioner with knowingly,

reduced that sentence to a total period of 280 months pursuant to Rule 35(b)(2)(A) of the Federal Rules of Criminal Procedure.  The petitioner's sentence and conviction were affirmed by the United States Court of Appeals for the Fourth Circuit on May 24, 1994.

On April 20, 1995, the petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The motion was subsequently denied on April 26, 1995.  The petitioner then filed a second § 2255 motion on May 25, 1995 that was later closed on July 13, 1995.

On January 8, 2008, the petitioner filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241, asserting several grounds for relief.  The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09.  Thereafter, the petitioner filed a motion for summary judgment, and the respondent filed a motion to dismiss.  The petitioner also filed a motion for a preliminary injunction.  Following review of the motion, Magistrate Judge Kaull submitted a report and recommendation.  Neither the petitioner nor the respondent filed objections.  For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

---

intentionally, and unlawfully distributing and/or possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  The petitioner was found guilty on Counts One through Six, Counts Eight through Ten and Counts Twelve through Seventeen.

## II. Facts

A. The Petition

The petitioner's § 2241 petition asserts five separate grounds for relief, which are generally as follows:

a) Ground One: The petitioner alleges that the "use" and "carry" prong of 18 U.S.C. § 924(c)(1) and (2) have been clarified, thus voiding his conviction. The petitioner claims that his conviction was based on two deficient and erroneous standards of interpretation of the "use" and "carry" prong. Because the acts that the petitioner was convicted no longer constitute a crime, he is barred from raising that as an issue in a § 2255 motion.

b) Ground Two: The petitioner alleges that the jury verdict in his 18 U.S.C. § 924(c)(1) and (2) conviction was invalid because the government provided "misinformation" as to the elements of the crime. Further, the petitioner claims that the "mere possession," "use," and "carry" elements were not properly considered by the jury. Combined, these errors led to the petitioner's guilty verdict.

c) Ground Three: The petitioner alleges that his conviction for "aiding and abetting 924(c)(1) of his codefendants" must also be voided because "it derived from reported statements that the petitioner authorized the purchase of firearms with cocaine, which the petitioner disputed but which was also erroneously considered to constitute 'use.'"

d) Ground Four: The petitioner asks that the Court hold this argument in "abeyance" until his sentence is amended, modified, or corrected. The petitioner alleges that his term of imprisonment on the remaining counts for which he was convicted were increased in violation of Apprendi, Booker, and other "substantial due process and Sixth Amendment Rights."

e) Ground Five: The petitioner alleges that he was not convicted on the "carrying" prong of § 924(c)(1) but was convicted based on possession of firearms inside dwellings "not brought to this dwelling by the petitioner or others." The petitioner claims that the "carry" element was not satisfied by the evidence.

3

B.   *The Petitioner's Motion for Summary Judgment*

On March 31, 2008, the petitioner filed a motion for summary judgment asserting that no genuine issues of material facts remain, and therefore, requesting judgment in his favor as a matter of law. Nevertheless, the petitioner also suggested that it may be appropriate to transfer his case back to the United States District Court for the Eastern District of North Carolina.

C.   *The Respondent's Motion to Dismiss*

On April 11, 2008, the respondent responded to an order to show cause and filed a motion to dismiss, asserting several arguments: (1) the petitioner has failed to state a claim upon which relief can be granted because he cannot establish that his conviction under 18 U.S.C. § 924(c)(1) and (2) was based on the receipt of firearms in trade for cocaine; (2) the petitioner has failed to state a claim upon which relief can be granted because the government proved at trial that the petitioner used and carried firearms; and (3) if this case should proceed, it should be construed as a writ of error coram nobis and be transferred to the court of conviction.

The petitioner filed a response to the respondent's motion to dismiss, contending the following: (1) the respondent did not properly respond to the allegations in the petition, and therefore, this Court should accept those allegations as true; (2) the Supreme Court has made several decisions changing the legal standard through which the petitioner's claims may be reviewed; and (3) the

petitioner reasserts his arguments made in the petition and does not agree to the case being converted into any other motion.

The respondent filed a reply to the motion to dismiss, in which it argues that (1) Booker and Apprendi may not be maintained in this Court pursuant to § 2241; (2) the petitioner has failed to prove that his relief under the two prior § 2255 motions is inadequate or ineffective; (3) the government does not waive its challenge to any allegations in the petition; and (4) the petitioner's claims concerning jury instructions is procedurally barred.

D.  The Petitioner's Motion for Preliminary Injunction

On July 23, 2008, the petitioner filed a motion for a preliminary injunction, seeking this Court to issue an order directing the respondent to release the petitioner based on the claims made in the § 2255 petition.

### III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp.

825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

A. Counts One, Two, Three and Five of Petitioner's § 2241 Petition

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The remedy afforded by a § 2255, however, is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, a § 2255 petition is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the magistrate judge recommended that the petitioner is eligible for relief under § 2241 because a § 2255 petition is inadequate and ineffective to test the legality of the conviction. Specifically, Magistrate Judge Kaull found that at the

6

time of the petitioner's conviction, the circuit's settled law established the legality of the petitioner's conviction. Additionally, the magistrate judge found that both the Bailey case and the Watson case were decided after the petitioner's direct appeal and first § 2255 motion was denied. Lastly, the magistrate judge held that the petitioner cannot satisfy the gate-keeping provision of § 2255 because the decisions in Bailey and Watson did not establish new rules of constitutional law but only pertained to issues of statutory interpretation. Thus, the magistrate judge found that all three prongs of the Jones test were satisfied, making the petitioner eligible for § 2241 relief.

Nonetheless, the magistrate judge recommended that Counts One, Two, Three and Five be construed as a writ of error coram nobis and transferred to the United States District Court for the Eastern District of North Carolina for all further proceedings. Particularly, Magistrate Judge Kaull was concerned that if relief is available, then this Court would be authorized to vacate a judgment order issued by another court, and alternatively, that deference to the sentencing court might be more appropriate. See Conley v. Crabtree, 14 F. Supp. 2d 1203, 1306-07 (D. Or. 1998); Alamin v. Gerlinski, 30 F. Supp. 2d 464 (M.D. Pa. 1998). Accordingly, the magistrate judge found that it could not simply ignore the limits placed upon § 2241 transfers by §1404(a) and recommended that the petition be construed as a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), and transferred

to the United States District Court for the Eastern District of North Carolina.  See <u>Short v. Shultz</u>, 2008 WL 305594 (D.N.J. Jan. 28, 2008); <u>Carlisle v. United States</u>, 517 U.S. 429 (1996); <u>United States v. Mandel</u>, 862 F.2d 1067, 1076-80 (4th Cir. 1988).

B.  <u>Ground Four of the Petitioner's § 2241 Petition</u>

The petitioner asked the Court to hold this argument in "abeyance" until such time as his sentence is amended, modified, or corrected, claiming that the remaining counts for which he was convicted were increased in violation of <u>Apprendi</u>, <u>Booker</u>, and "substantial due process and Sixth Amendment Rights."  Because neither <u>Apprendi</u> nor <u>Booker</u> is retroactive to cases on collateral review, however, the magistrate judge recommended that Ground Four of the petitioner's § 2241 petition be denied.

C.  <u>The Petitioner's Motion for Preliminary Injunction</u>

The petitioner also filed a motion for a preliminary injunction, which the magistrate judge recommended be denied because the petitioner has not yet established a likelihood that he will succeed on the merits of his claims.

D.  <u>Remaining Motion for Summary Judgment and Motion to Dismiss</u>

Finally, the magistrate judge recommended that this Court deny with prejudice the petitioner's motion for summary judgment and the respondent's motion to dismiss because factual issues remain in dispute and all of the relative facts to the petitioner's claims have not yet been uncovered.

Following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations. Accordingly, this Court concludes that the magistrate judge's recommendations concerning the petitioner's § 2241 petition, the petitioner's motion for summary judgment, the respondent's motion to dismiss, and the petitioner's motion for preliminary injunction be affirmed and adopted.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety. Accordingly, for the reasons set forth above, Ground Four of the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. The remainder of the petitioner's petition is CONSTRUED as a writ of error coram nobis and TRANSFERRED to the United States District Court for the Eastern District of North Carolina. The petitioner's motion for preliminary injunction is DENIED. Finally, the petitioner's motion for summary judgment, as well as the respondent's motion to dismiss are both DENIED without prejudice. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to

9

the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner, to counsel of record herein, and to the Clerk of the United States District Court for the Eastern District of North Carolina.

DATED: November 4, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE